UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBBINS ENTERTAINMENT LLC, SONY BMG
MUSIC ENTERTAINMENT AND ROCKS LLC,

                Plaintiffs,

     -against-

KOCH ENTERTAINMENT DISTRIBUTION,
SHERIDAN SQUARE ENTERTAINMENT, INC.,
MUSICRAMA, INC.

                Defendants.
------------------------------------------------------------X

**JUDGE BUCHWALD**

**'07 CIV. 9236**

**COMPLAINT**

**JURY TRIAL DEMANDED**



      Plaintiffs Robbins Entertainment LLC ("Robbins"), Sony BMG Music Entertainment ("Sony BMG") and Rocks LLC ("Rocks") (collectively "Plaintiffs"), by their attorneys, Arnold & Porter LLP, for their Complaint against defendants Koch Entertainment Distribution, Sheridan Square Entertainment, Inc. and Musicrama, Inc. (collectively, "Defendants"), allege as follows:

### NATURE OF THE ACTION

      1.     This action for copyright infringement and unfair competition arises from Defendants' unauthorized distribution and sale in the United States of a "gray market" or "parallel import" version of a record album to which Plaintiffs own or control exclusive rights for the United States market, including sound recording copyrights and musical composition copyrights and/or exclusive distribution rights under contract.

### JURISDICTION AND VENUE

      2.     This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, Sections 42 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1124 and 1125(a), Section 349 of the New York General Business Law, and the common law of the State of New York.

1

3.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338, the Copyright Act, 17 U.S.C. § 301, and the Lanham Act, 15 U.S.C. §§ 1116 and 1121, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4.  Venue lies in this District under 28 U.S.C. §§ 1391 and 1400 because Defendants or their agents may be found here and a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

5.  Plaintiff Robbins is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business located at 159 West 25th Street, New York, New York 10001. Robbins is an independently owned record label, engaged in the production, manufacture and distribution of phonograph records, compact discs, music videos and other sound recordings in various forms and configurations.

6.  At all times relevant to this lawsuit, Robbins exclusively controlled and now controls, all rights, including the copyrights, in the fourteen sound recordings comprising the record album by the German recording artist known as "Cascada" (the "Artist") entitled "Everytime We Touch" (the "Cascada Album"). Robbins acquired exclusive North American rights to the sound recordings on the Cascada Album pursuant to an exclusive license agreement with the German record label which owned and originated such album. Robbins has registered the sound recording copyrights in the Cascada Album with the Copyright Office. A copy of each of the aforementioned copyright registrations are attached as Exhibit 1.

7.  Plaintiff Sony BMG is a general partnership formed under the laws of the State of Delaware, having its principal place of business located at 550 Madison Avenue, New York, New York 10022. Sony BMG is a major record label, engaged in the production, manufacture

2

and distribution of phonograph records, compact discs, music videos and other sound recordings in various forms and configurations. At all times relevant to this lawsuit, Sony BMG was, and continues to be, the exclusive distributor of Robbins' compact disc records, including the Cascada Album.

8. Plaintiff Rocks is a limited liability company organized and existing under the laws of the State of New York, having its having its principal place of business located at 159 West 25th Street, New York, New York 10001. Rocks is engaged in the music publishing business and, at all relevant times controlled, and controls, the exclusive North American music publishing rights in seven (7) of the musical compositions (or portions thereof) on the Cascada Album, namely: "Bad Boy," "Miracle," "Another Love," "Ready for Love," "Can't Stop the Rain," "One More Night," and "Love Again" (the "Compositions"), including the title, lyrics and music contained within each of these Compositions. Rocks has registered the copyrights in the Compositions with the Copyright Office. Copies of each of the registrations in the Compositions are attached hereto as Exhibit 2.

9. On information and belief, defendant Musicrama, Inc. ("Musicrama") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 43-01 22nd Street, 6th Floor, Long Island City, New York 11101. On information and belief, Musicrama is engaged in the production, manufacture and distribution of phonograph records, compact discs, music videos and other sound recordings in various forms and configurations.

10. On information and belief, defendant Sheridan Square Entertainment, Inc. ("SSE") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business until approximately December 2006 at 59 West 19th Street, 6th Floor,

New York, New York 10011 and currently in Nashville, Tennessee. On information and belief, SSE is engaged in the production, manufacture and distribution of phonograph records, compact discs, music videos and other sound recordings in various forms and configurations. On information and belief, Musicrama is a wholly owned subsidiary of SSE.

11. On information and belief, defendant Koch Entertainment Distribution ("Koch") is a partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 22 Harbor Park Drive, Port Washington, New York 11050. On information and belief, Koch is engaged in the production, manufacture and/or distribution of phonograph records, compact discs, music videos and other sound recordings in various forms and configurations, and is the exclusive distributor of records owned or controlled by SSE and by Musicrama.

## FACTUAL BACKGROUND

### A. The Success of the Cascada Album

12. Robbins acquired exclusive rights in the Cascada Album for the territory of North America pursuant to an exclusive master recording license agreement entered into in 2004 with the German record label Mutekki Media, the then-record label of the Artist and owner of the sound recording copyrights therein. That agreement was amended and assigned to Cascada's successor record label, Zooland Records, another German company (Mutekki Media and Zooland Records are hereinafter referred to individually and collectively as "Licensor").

13. In conjunction with such license agreement, Robbins acquired the exclusive North American rights to use the name and likeness of the Artist for the purpose of selling, advertising and promoting the Cascada Album, in addition to the right to grant others the non-exclusive rights to use the name, portrait, picture and likeness of the Artist for such purposes.

14. Robbins initially released the title track from the Cascada Album (*i.e.*, the single, "Everytime We Touch") (the "Single") in 2005, and through an extensive marketing effort to radio stations and retail stores nationwide, saw the Single rise up the dance music charts and then cross over to the pop music charts. The Single — an infectious dance-pop number — ultimately reached the Top 10 on the national singles chart, *Billboard's* "Hot 100."

15. Upon the huge success of the Single, Robbins called on the Artist to make a full length album, resulting in the Cascada Album (also entitled "Everytime We Touch"), which Robbins released through its distributor Sony BMG and digital channels such as iTunes on February 21, 2006. The retail selling price of the Cascada Album in compact disc format was and is $18.98.

16. To promote the Cascada Album, Robbins invested substantial dollars on marketing and promotion, including making music videos of two of the singles from the album, "Everytime We Touch" and "Miracle" at a cost of almost $200,000.

17. To date, the Cascada Album has sold over 250,000 units and the single "Everytime We Touch" has become a "platinum" download single, having sold well over one million units. The Cascada Album and the Single, as released by Robbins, were marked with the Robbins logo and contained appropriate copyright notices and a warning that "Unauthorized duplication is a violation of applicable law."

**B.    Foreign Licensing of the Cascada Album**

18. The success of the Cascada Album in the United States made it a "hot" commodity throughout the world, and the Licensor began entering into exclusive licensing agreements for the Cascada Album in various countries throughout the world. One such exclusive licensee was EQ Music based in Singapore. On information and belief, EQ Music

5

acquired exclusive rights to the Cascada Album — solely for the territories of Singapore, Thailand and Malaysia — and released the Cascada Album in such countries in or about 2006.

19.   The EQ Music version of the Cascada Album (the "Import Cascada Album") featured the identical tracks in the same order as the Cascada Album released by Robbins. The Import Cascada Album also bore the same album title and composition titles as the Cascada Album and used the Artist's name and likeness. Additionally the Import Cascada Album included a "bonus CD" containing several additional bonus mixes of various tracks that appeared on the Plaintiffs' Cascada Album.

20.   On April 18, 2006, upon information and belief, defendants Musicrama and SSE released the Import Cascada Album in the United States through retail stores and internet sellers such as amazon.com with a retail selling price approximately the same as Robbins' Cascada Album. Defendant Koch distributed the Import Cascada Album on behalf of Musicrama and SSE. Defendants' release and distribution of the Import Cascada Album was done in contravention of Robbins' and Sony BMG's exclusive rights in the Cascada Album and in violation of Rocks' exclusive rights under copyright in the Compositions.

21.   In addition, Defendants released and distributed the Import Cascada Album without first obtaining "mechanical licenses" to reproduce these Compositions on the Import Cascada Album as required under Section 115 of the Copyright Act. To date, none of the Defendants has even requested a mechanical license from Rocks for the use of such compositions on the Import Cascada Album.

22.   Upon learning of Defendants' release sale and distribution of the Import Cascada Album, in the summer of 2006, Plaintiffs notified Defendants that these actions violated Plaintiffs' rights in the Cascada Album and demanded that Defendants cease and desist from any

further distribution of the Import Cascada Album and account to Plaintiffs for damages. In response, Robbins' counsel received phone calls from representatives of defendant Koch and defendant SSE wherein the representatives advised that Koch and SSE would comply with Plaintiffs' request and cease distribution and sale of the Import Cascada Album.

23. Upon information and belief, Defendants have ceased selling and/or distributing the Import Cascada Album. However, prior to such cessation, Defendant SSE's in-house counsel acknowledged to Robbins' in-house counsel that Defendants had sold and/or distributed approximately 8,300 units of the Import Cascada Album within Plaintiffs' exclusive territory of the United States as of the date of this Complaint. Defendants have failed to compensate Plaintiffs for these sales and distributions of the Import Cascada Album.

24. As a result of such infringing acts of Defendants, each of the Plaintiffs has suffered damages in the form of lost profits and loss to business reputation. For example, retailers, Cascada fans and other consumers have likely been confused as to which "Cascada" album is legitimate. Moreover, the pricing of the Import Cascada Album, which included a "bonus" CD of remixes of Album tracks at no additional charge, has likely caused consumers to believe that CDs manufactured and distributed by EQ Music and/or Defendants are a better value.

## COUNT I

### COPYRIGHT INFRINGEMENT – SOUND RECORDING COPYRIGHT

25. The allegations of paragraphs 1-24 are incorporated herein by reference.

26. Plaintiff Robbins owns the exclusive rights to manufacture, reproduce, market and sell in the United States phonorecords containing the sound recordings embodied in the Cascada Album. Plaintiff Sony BMG owns the exclusive right, pursuant to its agreement with Robbins,

7

to distribute in the United States phonorecords containing the sound recordings embodied in the Cascada Album.

27. Defendants' distribution and sale of the Import Cascada Album in the United States therefore constitutes an infringement of Robbins' and Sony BMG's exclusive rights in the sound recording copyrights to the Cascada Album, in violation of 17 U.S.C. § 106.

## COUNT II

### COPYRIGHT INFRINGEMENT – MUSICAL COMPOSITION COPYRIGHT

28. The allegations of paragraphs 1-24 are incorporated herein by reference.

29. Plaintiff Rocks owns the exclusive rights to administer, exploit, promote, arrange, adapt and license in the United States copies of the seven (7) musical compositions embodied in the Cascada Album.

30. Defendants' distribution and sale of the Import Cascada Album in the United States therefore constitutes an infringement of Rocks' exclusive rights in the copyrights in the seven (7) musical compositions embodied on the Cascada Album, in violation of 17 U.S.C. § 106.

## COUNT III

### VIOLATION OF SECTION 42 OF THE LANHAM ACT (15 U.S.C. § 1124)

31. The allegations of paragraphs 1-24 are incorporated herein by reference.

32. Defendants have, without the consent of Plaintiffs, imported, or caused or facilitated the importation of, a foreign version of the Cascada Album.

33. The actions by Defendants are calculated to confuse the public, are likely to cause and do cause the public to believe that the Import Cascada Album is the same as Plaintiffs'

Cascada Album bearing the same Artist, Album and composition titles, and the same likenesses of the Artist.

34. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT IV

### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

35. The allegations of paragraphs 1-24 are incorporated herein by reference.

36. Plaintiff Robbins owns the exclusive U.S. rights to use the Cascada Album and composition titles and Artist's name and likeness in conjunction with the sale, advertisement and promotion of the Cascada Album.

37. Defendants' acts as described above are likely to confuse consumers as to the source of the Import Cascada Album, or to deceive consumers into thinking that Defendants are affiliated, connected or associated with Plaintiffs and/or that Plaintiffs sponsor, endorse, license or approve of Defendants' sale and/or offering for sale of the Import Cascada Album. Consumers are also likely to choose the Import Cascada Album, which contains an extra CD for a similar price as the Cascada Album, over the Cascada Album. Thus, the acts of Defendants complained of herein constitute a violation of Section 43(a) of the Lanham Act.

38. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT V

### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

39. The allegations of paragraphs 1-24 are incorporated herein by reference.

40. By the acts described above, Defendant has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of unauthorized infringing albums in violation of Section 349 of the New York General Business law. On information and belief, Defendants' conduct is directed to consumers, has affected the public interest of New York and has resulted in injury to consumers within New York.

41. Defendants' deceptive acts or practices are materially misleading and, upon information and belief, have actually deceived, and have a tendency to deceive, a material segment of the persons to whom Defendants have directed their sales, and Plaintiffs have been injured thereby.

42. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT VI

### COMMON LAW UNFAIR COMPETITION

43. The allegations of paragraphs 1-24 are incorporated herein by reference.

44. The activities of Defendants complained of herein constitute unfair competition under the common law of the State of New York, in that the Defendants' acts are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Import Cascada Album with Plaintiff Robbins' record label and/or as to the source of the Import Cascada Album.

45. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT VII

### COMMON LAW UNJUST ENRICHMENT

46. The allegations of paragraphs 1-24 are incorporated herein by reference.

47. Upon information and belief, Defendants have been and will continue to be unjustly enriched as a result of their unauthorized distribution and sale of the Import Cascada Album, thereby depriving Plaintiffs of revenues they rightfully should receive by virtue of its interest in the copyrights in the Cascada Album.

48. By the acts described in herein, Defendants have retained revenues to which they are not equitably or legally entitled, and are thereby unjustly enriched at Plaintiffs' expense, in violation of the common law of the State of New York.

49. Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

WHEREFORE, plaintiffs pray that this Court enter judgment in their favor and against defendants as follows:

A. For judgment that:

(i) Defendants have violated the Copyright Act, 17 U.S.C. § 101, *et seq.*;

(ii) Defendants have violated Section 42 of the Lanham Act, 15 U.S.C. § 1124;

   (iii) Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   (iv) Defendants have engaged in deceptive acts and practices under Section 349 of the General Business Law;

   (v) Defendants have engaged in unfair competition in violation of the common law of the State of New York; and

   (vi) Defendants have been unjustly enriched in violation of New York common law.

  B. That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

   (i) Infringing plaintiffs' exclusive rights under the Copyright Act by marketing, selling or distributing in the United States copies or phonorecords of works contained within the Cascada Album; and

   (ii) Infringing plaintiffs' rights in the Cascada Album by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of in the United States any products bearing any of plaintiffs' trademarks, titles or Artist likeness or any other trademark, titles or likeness confusingly similar thereto.

  C. That Defendants be directed to account for all gains, profits, and other benefits derived as a result of the infringements of the sound recording copyright in the Cascada Album master recordings and in the copyrights in the musical compositions embodied on the Cascada Album.

D.  That Defendants deliver up for destruction to Plaintiffs all copies of the Import Cascada Album in their possession or under their control, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503.

E.  For an assessment of the damages suffered by Plaintiffs, including an award of actual damages, all profits that Defendants have derived from their infringing acts, as well as costs and attorney's fees to the full extent provided for by Sections 504 and 505 of the Copyright Act, 17 U.S.C. §§ 504 and 505, and Section 35 of the Lanham Act, 15 U.S.C. § 1117; or, in the alternative, statutory damages to the extent available under the Copyright Act and Lanham Act; and awarding profits, damages and fees, to the full extent available, pursuant to Section 349 of the New York General Business Law; and punitive damages to the full extent available under the common law, in an amount in excess of $1,000,000.

F.  Permanently enjoining and restraining defendants, their officers, deputies, agents, employees, representatives and other persons in concert or participation, from infringing in any respect the copyrights in the sound recordings and musical compositions embodied on the Cascada Album and from any further sale or distribution of the Import Cascada Album.

G.  Such other, further, and different relief as to the Court may seem just and proper, including plaintiffs' costs and reasonable attorneys' fees.

Dated:  New York, New York
October 15, 2007

                                        ARNOLD & PORTER LLP

By: _____
     Richard P. Swanson (RS 6068)
     Eleanor M. Lackman (EL 3668)
     399 Park Avenue
     New York, New York 10022
     (212) 715-1000
     (212) 715-1399

*Counsel for Plaintiffs*

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiffs, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demand trial by jury for all issues so triable.

Dated: New York, New York
October 15, 2007

                                              Respectfully submitted,

                                              ARNOLD & PORTER LLP

                                              By: _____
                                                  Richard P. Swanson (RS 6068)
                                                  Eleanor M. Lackman (EL 3668)
                                                  399 Park Avenue
                                                  New York, New York 10022
                                                  (212) 715-1000
                                                  (212) 715-1399

                                              *Counsel for Plaintiffs*