UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBBINS ENTERTAINMENT LLC, SONY BMG            07 Civ. 9236 (NRB)
MUSIC ENTERTAINMENT AND ROCKS LLC,

        Plaintiffs,

      - against –                                            **ANSWER OF**
                                                                    **KOCH ENTERTAINMENT**
KOCH ENTERTAINMENT DISTRIBUTION,             **DISTRIBUTION**
SHERIDAN SQUARE ENTERTAINMENT, INC.,
MUSICRAMA, INC,

        Defendants.
----------------------------------------------------------------x

       Defendant, KOCH ENTERTAINMENT DISTRIBUTION ("Koch") answering the plaintiffs' complaint herein, by Daniel J. Aaron, P.C., its attorney, respectfully alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to paragraphs "1", "2", "3" and "4" of plaintiffs' complaint and respectfully refers the Court to the facts herein and the statute cited by plaintiffs.

       2.     Denies knowledge or information sufficient to form a belief as to paragraphs "5", "6", "7", and "8" of plaintiffs' complaint.

       3.     Denies knowledge or information sufficient to form a belief as to paragraph "9" of plaintiff's complaint, except admits that Musicrama had an address in Long Island City.

       4.     Admits the allegations in paragraph "10" of plaintiff's complaint, except denies knowledge or information sufficient to form a belief as to Sheridan Square Entertainment's state of incorporation and the nature of its ownership of Musicrama.

5. Denies the allegations in paragraph "11" of plaintiff's complaint, except admits that Koch's principal place of business is at 22 Harbor Park Drive, Port Washington, NY 11050, Koch is engaged in the distribution of music and video in various formats, and has an exclusive distribution agreement with Sheridan Square Entertainment and Musicrama and respectfully refers the Court to that agreement for its terms (the "Distribution Agreement").

6. Denies knowledge or information sufficient to form a belief as to paragraphs "12", "13", "14", "15", "16", "17," "18" and "19" of plaintiffs' complaint.

7. Denies the allegations set forth in paragraph "20" of plaintiffs' complaint, except admits that Koch received a version of a Cascada album for distribution in the United States pursuant to the Distribution Agreement and respectfully refers the Court to the actual album for its contents.

8. Denies the allegations set forth in paragraph "21" of plaintiffs' complaint.

9. Denies the allegations set forth in paragraph "22" of plaintiffs' complaint, except admits that upon learning of plaintiffs' claims Koch ceased distribution the Cascada album received under the Distribution Agreement.

10. Denies the allegations set forth in paragraphs "23" and "24" of plaintiffs' complaint.

11. Repeats and reasserts each and every response to paragraphs "1" through "24" of plaintiffs' complaint as if set forth in full.

12. Denies knowledge or information sufficient to form a belief as to

paragraph "26" of plaintiffs' complaint.

13. Denies the allegations set forth in paragraphs "27" of plaintiffs' complaint.

14. Repeats and reasserts each and every response to paragraphs "1" through "24" of plaintiffs' complaint as if set forth in full.

15. Denies knowledge or information sufficient to form a belief as to paragraphs "29" and "30" of plaintiffs' complaint.

16. Repeats and reasserts each and every response to paragraphs "1" through "24" of plaintiffs' complaint as if set forth in full.

17. Denies the allegations set forth in paragraphs "32", "33," and "34," of plaintiffs' complaint.

18. Repeats and reasserts each and every response to paragraphs "1" through "24" of plaintiffs' complaint as if set forth in full.

19. Denies knowledge or information sufficient to form a belief as to paragraph "36" of plaintiffs' complaint.

20. Denies the allegations set forth in paragraphs "37" and "38" of plaintiffs' complaint.

21. Repeats and reasserts each and every response to paragraphs "1" through "24" of plaintiffs' complaint as if set forth in full.

22. Denies the allegations set forth in paragraphs "40", "41" and "42" of plaintiffs' complaint.

23. Repeats and reasserts each and every response to paragraphs "1" through "24" of plaintiffs' complaint as if set forth in full.

24. Denies the allegations set forth in paragraphs "44" and "45" of plaintiffs' complaint.

25. Repeats and reasserts each and every response to paragraphs "1" through "24" of plaintiffs' complaint as if set forth in full.

26. Denies the allegations set forth in paragraphs "47", "48" and "49" of plaintiffs' complaint.

### FOR A FIRST AFFIRMATIVE DEFENSE

27. Upon information and belief, the plaintiffs consented to the distribution of the Cascada Album by defendant Musicrama, Inc. and have no claim for relief herein.

### FOR A SECOND AFFIRMATIVE DEFENSE

28. Upon information and belief, the plaintiffs do not have a proper chain of title to the copyrights alleged in the complaint and as such cannot maintain this action.

### FOR A THIRD AFFIRMATIVE DEFENSE

29. That plaintiffs' complaint fails set forth a claim for relief against answering defendant.

### FOR A FOURTH AFFIRMATIVE DEFENSE

30. Upon information and belief, plaintiffs' claims for relief are barred by the doctrine of laches.

### FOR A FIFTH AFFIRMATIVE DEFENSE

31. Upon information and belief, plaintiffs' claims for relief are barred by

the doctrine of estoppel.

### FOR A SIXTH AFFIRMATIVE DEFENSE

32. That plaintiffs' state and common law claims for relief are barred by the doctrine of preemption.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiffs failed to join EQ Music as an indispensable party to this litigation.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. Koch's conduct was not willful and it acted in good faith.

### FOR A NINTH AFFIRMATIVE DEFENSE

35. Pursuant to 17 U.S.C. §412, plaintiffs are not entitled to an award of attorneys' fees.

### FOR A TENTH AFFIRMATIVE DEFENSE

36. Upon information and belief, plaintiffs claims are barred by the doctrine of first sale.

37. A jury trial is demanded.

WHEREFORE, defendant Koch Entertainment Distribution requests that the Complaint herein be dismissed in its entirety against said defendant; that Koch Entertainment Distribution be awarded costs and disbursements; and that Koch Entertainment Distribution be awarded such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 17, 2007

DANIEL J. AARON, P.C.

By: _____
Daniel J. Aaron (DA 0718)
437 Madison Avenue, 4th Floor
New York, NY 10022
212-684-4466
daaron@earthlink.net
Attorney for Defendant
Koch Entertainment Distribution

TO:

Richart P. Swanson, Esq.
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
212-715-1063
Attorneys for Plaintiffs

Steven K. Meier, Esq.
MEIER FRANZINO LLP.
570 Lexington Avenue, 26th Floor
New York, New York 10022
(212) 759-9770
Attorneys for Defendant Sheridan Square Entertainment

Brian D. Caplan, Esq.
CAPLAN & ROSS, LLP
100 Park Avenue, 18th Floor
New York, New York 10017
Tel: 212-973-2377
Attorneys for Defendant Musicrama, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of

Defendant Koch Entertainment Distribution's Answer

was served upon the following:

Richart P. Swanson, Esq.
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
212-715-1063
Attorneys for Plaintiffs

Steven K. Meier, Esq.
MEIER FRANZINO LLP.
570 Lexington Avenue, 26th Floor
New York, New York 10022
(212) 759-9770
Attorneys for Defendant Sheridan Square Entertainment

Brian D. Caplan, Esq.
CAPLAN & ROSS, LLP
100 Park Avenue, 18th Floor
New York, New York 10017
Tel: 212-973-2377
Attorneys for Defendant Musicrama, Inc.


By U.S. first class mail on December 17, 2007.

Dated: New York, New York
       December 17, 2007

_____
Daniel J. Aaron, Esq. (DA 0718)